UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY KAY PEBLES, Personal Representative for the Estate of John H. Pebles, deceased, and on behalf of MARY KAY PEBLES and the ESTATE OF JOHN H. PEBLES,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CASEY HIAM, an individual; and CITY OF BELLEVUE,<br><br>　　　　　　　Defendants. | CASE NO. C12-0054-RSM<br><br>ORDER GRANTING DEFENDANTS' RULE 12(C) MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS |

## I. INTRODUCTION

This matter comes before the Court upon Defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *See* Dkt. #6. For the reasons set forth below, Defendants' motion is GRANTED.

## II. DISCUSSION

### A. Background

Plaintiff's complaint alleges that on July 7, 2009, Bellevue Police Officer Casey Hiam confronted John H. Pebles, who was intoxicated and carrying a box cutter. Dkt. #2, Ex. 1 ("Complaint"), ¶ 3.1  Mr. Pebles sliced his own wrist and began walking toward Officer Hiam. *Id.* at ¶ 3.2.  Officer Hiam responded by firing his pistol and shooting Mr. Pebles. Two bullets entered Mr. Pebles from the front and two bullets entered Mr. Pebles from the back. *Id.* at ¶3.3.  One of the bullets struck Mr. Pebles in the heart and killed him. *Id.*

Mary Kay Pebles, on behalf of Mr. Pebles's estate and herself, pleads three causes of action.  First, she brings a claim against Officer Hiam and the City of Bellevue under a theory of negligence. *See* Complaint, ¶4.2 ("Defendants … negligently and proximately caused injuries to and ultimately the death of Mr. John Pebles.  Any negligence on part [sic] of Defendant Hiam is imputed to Defendant City of Bellevue under a theory of *respondeat superior*.").  Second, Ms. Pebles alleges that the City of Bellevue was independently negligent in its employment, hiring, supervision, and training of Defendant Hiam. *Id.* at ¶5.2 & 5.3 ("Defendant City of Bellevue was negligent in its employment, hiring, supervision and training of Defendant Hiam" and "Defendant City of Bellevue's negligence was the proximate cause of the death of John H. Pebles and resulted in the damages alleged herein.").  Ms. Pebles's third cause of action arises under 42 U.S.C. § 1983 and is not at issue here.  Defendants move for judgment on the pleadings as to Ms. Pebles's first and second causes of action.

### B. Standard

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c).  The standard governing a Rule

12(c) motion for judgment on the pleadings is essentially the same as that governing a Rule 12(b)(6) motion. *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir.1989); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. 556). In making this assessment, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted); *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir.1999). The Court is not, however, bound to accept the plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678. While detailed factual allegations are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

**C. Analysis**

Plaintiff argues that because she originally filed the action in state court, where only notice pleading is required, she should not be held to the higher federal pleading standard required under *Iqbal* and *Twombly*. "It is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (internal quotations omitted). Moreover, Fed.R.Civ.P. 81(c)(1) explicitly provides that the Federal Rules of Civil Procedure "apply to a civil action

1  after it is removed from a state court." While the Court understands Plaintiff's plight in being
2  required to comply with disparate pleading standards in state versus federal court, this action has
3  now been removed and the federal rules apply.

4  Defendants argue that Plaintiff's complaint fails to state a claim for negligence on the
5  part of Defendant Hiam or the City of Bellevue. The Court agrees. To state a claim for
6  negligence, Ms. Pebles must allege that: (1) Defendants owed Mr. Pebles a duty (2) Defendants
7  breached that duty; (3) injury resulted; and (4) the claimed breach was the proximate cause of the
8  injury. *Hansen v. Friend,* 118 Wn.2d 476, 478 (1992). Here, with respect to her first cause of
9  action against Officer Hiam and the City of Bellevue, Plaintiff adequately alleges proximate
10 cause and damages. However, Plaintiff fails to allege that Mr. Hiam owed Mr. Pebles a duty, nor
11 does she articulate how that duty was breached. *See Iqbal*, 556 U.S. at 678 (the court is not
12 bound to accept legal conclusions as true). With respect to Plaintiff's negligence claim against
13 the City of Bellevue, Plaintiff altogether fails to plead "factual content that allows the court to
14 draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing
15 *Twombly,* 550 U.S. 556). Accordingly, Plaintiff fails to state a claim upon which relief can be
16 granted.

17 Where a complaint is dismissed for failure to state a claim, "leave to amend should be
18 granted unless the court determines that the allegation of other facts consistent with the
19 challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well*
20 *Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Plaintiff will be given leave to amend.

21 ### III. CONCLUSION

22 The Court, having considered Defendants' motion, Plaintiff's response thereto, the reply,
23 and the remainder of the record, hereby finds and ORDERS:
24

1  (1) Defendants' motion for partial judgment on the pleadings (Dkt. #6) is hereby
2  GRANTED.  Plaintiff's first and second causes of action are hereby dismissed with leave
3  to amend <u>within forty five days</u> of the date of this Order.  If an amended complaint is not
4  timely filed, the Court will dismiss Plaintiff's first and second causes of action with
5  prejudice.
6  (2) The Clerk of the Court is directed to forward a copy of this Order to all counsel of
7  record.
8  DATED: June 27, 2012.

11  
12  RICARDO S. MARTINEZ
    UNITED STATES DISTRICT JUDGE